UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAUL J. KOBOS,

                      Petitioner,

  v.
                                            9:14-CV-0463
                                            (GLS/CFH)
LIBBY,
Chief Deputy, Oneida County Jail,

                      Respondent.
_____

APPEARANCES:

PAUL J. KOBOS
5324
Petitioner pro se
Oneida County Correctional Facility
6075 Judd Road
Oriskany, NY 13424

GARY L. SHARPE
Chief United States District Judge

## DECISION and ORDER

      Petitioner Paul J. Kobos has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Dkt. No. 1, Petition ("Pet.").  He is confined at the Oneida County Correctional Facility and has paid the required filing fee.  For the reasons that follow, this action is dismissed.

      Petitioner states that he is a pre-trial detainee pending action on a state "felony complaint." Pet. at 2.  Petitioner states that he was arrested on March 10, 2014, and charged with third degree burglary and petit larceny, and was admitted to the Oneida County Jail on March 11, 2014.  *Id*. at 8.  Petitioner appears to argue that he is entitled to release from state

custody pursuant to New York Criminal Procedure Law ("CPL") §190.80 because he has been held in custody more than forty-five days with non action by a grand jury. *Id.*[1] He asks this court to release him on his own recognizance pending "further court action." *Id.* at 9.

It is unclear whether petitioner's petition is properly brought pursuant to 28 U.S.C. §2241 or 28 U.S.C. § 2254. *Miller v. Sposato*, No. 2:12-CV-2511, 2012 WL 2131807 at *1 (E.D.N.Y. Jun. 8, 2012); *King v. Demarco*, No. 2:11-CV-2000, 2011 WL 3471548 at *1 (E.D.N.Y. Aug. 3, 2011). Under either section, however, a petitioner seeking relief from state court detention is required to exhaust state remedies before his federal habeas corpus petition will be considered. 28 U.S.C. § 2254(b); *Miller*, 2012 WL 2131807 at *1.

Section 2254 explicitly states that an application for a writ of habeas corpus may not be granted until a prisoner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A), (B)(I), (ii). Section 2241 does not explicitly require the exhaustion of state remedies, but courts have required exhaustion to accommodate the principles of federalism. *Allen v. Maribal*, No. 1:11-CV-2638, 2011 WL 3162675 at *1 (E.D.N.Y. Jul. 25, 2011) (citing *United States ex rel. Scranton*, 532 F.2d 292, 294 (2d Cir. 1976)); *Williams v. Horn*, No. 1:06-CV-3068, 2006 WL 2333874 at *1 (E.D.N.Y. Aug. 9, 2006).

Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. Substantive exhaustion requires that a

---

[1] CPL §190.80 provides that an adult defendant held by a local criminal court for action of the grand jury, and committed to custody pending grand jury action, must be released on his own recognizance if he is detained forty-five days without the occurrence of grand jury action, unless certain exceptions apply.

petitioner "fairly present" any federal constitutional claims to the highest state court capable of reviewing them in the same factual and legal context in which they appear in the habeas petition. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Finally, the petitioner must have used the proper procedural vehicle so that the state court may pass on the merits of petitioner's claims. *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985); *Barton v. Fillion*, No. 9:03-CV-1377 (DNH/GOD), 2007 WL 3008167, at *5 (N.D.N.Y. Oct. 10, 2007).

Petitioner claims to have raised his claim "in all appeals available" to him, Pet. at 8, but he has not presented any facts showing that he has properly challenged his detention through the appropriate state corrective process before petitioning this court. *See* Pet. Furthermore, assuming petitioner was committed to custody on March 11, 2014, the forty-five day time period would run on April 25, 2014, the day after the petition is dated. Given the timing of this petition, it is unlikely petitioner has sought relief through appropriate state channels. There is no indication that there is an "absence of available State corrective process" or circumstances that render that state corrective process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1)(B)(I), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). Accordingly, the exhaustion requirement has not been met, and the petition is dismissed. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) ("because the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted); *Carpenter v. Reynolds*, 212 F. Supp. 2d 94, 98 (E.D.N.Y. 2002) ("Carpenter's petition contains only

unexhausted claims. Therefore, the Court has no basis to retain jurisdiction while Carpenter pursues exhaustion.").

**WHEREFORE**, it is hereby

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED**; and it is further

**ORDERED** that no certificate of appealability shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2);[2] and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: May 12, 2014
       Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

---

[2] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'").